UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARLOS QUEVEDO,  )
　　　　　　　　　　　　　　　 )
　　　　　Petitioner,　　　　　 )　　　3:10-cv-00200-LRH-VPC
　　　　　　　　　　　　　　　 )
vs.　　　　　　　　　　　　　　 )　　　**ORDER**
　　　　　　　　　　　　　　　 )
GREG SMITH, *et al.*,　　　　　　 )
　　　　　　　　　　　　　　　 )
　　　　　Respondents.　　　　 )
_____/

　　　This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed February 7, 2011, this Court ruled that, although petitioner was entitled to equitable tolling, the federal petition was untimely. (ECF No. 24). The Court dismissed the petition with prejudice and denied petitioner a certificate of appealability. (*Id.*). Judgment was entered on February 8, 2011. (ECF No. 25). Petitioner filed a notice of appeal on February 18, 2011. (ECF No. 26). On January 23, 2012, the United States Court of Appeals for the Ninth Circuit entered an order denying petitioner's request for a certificate of appealability and denying all outstanding motions. (ECF No. 30). On April 10, 2012, petitioner filed a motion for relief from judgment in this Court. (ECF No. 31).

　　　Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236

1  (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for
2  the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, petitioner's motion for relief from judgment contains arguments previously considered by this Court. Petitioner asserts that he was entitled to equitable tolling. In the order filed February 7, 2011, this Court indeed found that petitioner was entitled to equitable tolling from June 7, 2007, to October 21, 2009. (ECF No. 24, at pp. 4-7). This Court further found

that, even applying equitable tolling, the federal petition was still untimely filed. (*Id*., at pp. 7-8). This Court properly dismissed this action and the Clerk of Court entered judgment. (ECF Nos. 24 & 25). Moreover, the Court of Appeals denied petitioner's request for a certificate of appealability and dismissed petitioner's appeal. (ECF No. 30). In his motion to vacate judgment, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of the action. Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion to vacate the judgment.

**IT IS THEREFORE ORDERED** that petitioner's motion to vacate judgment (ECF No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed action.

Dated this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE