1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9   CARLOS QUEVEDO,                          )
                                             )
10              Petitioner,                   )        3:10-cv-00200-LRH-VPC
                                             )
11  vs.                                      )        **ORDER**
                                             )
12  GREG SMITH, *et al.*,                     )
                                             )
13              Respondents.                  )
    _____/

14

15          This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C.

16  § 2254, by a Nevada state prisoner.  Before the Court is petitioner's second motion for

17  reconsideration, petitioner's renewed motion to proceed *in forma pauperis*, and petitioner's renewed

18  motion for the appointment of counsel.  (ECF Nos. 33, 34, 35).

19          Petitioner filed this federal habeas corpus action, challenging his conviction of six counts of

20  sexual assault.  (Exhibit 118).  Respondents moved to dismiss the petition as untimely.  (ECF No.

21  10).  Petitioner argued that he was entitled to equitable tolling of the AEDPA statute of limitations.

22  (ECF No. 22).  By order filed February 7, 2011, this Court ruled that, although petitioner was entitled

23  to equitable tolling, the federal petition was still untimely.  (ECF No. 24).  The Court dismissed the

24  petition with prejudice and denied petitioner a certificate of appealability.  (*Id.*).  Judgment was

25  entered on February 8, 2011.  (ECF No. 25).  Petitioner filed a notice of appeal on February 18,

26  2011.  (ECF No. 26).  On January 23, 2012, the United States Court of Appeals for the Ninth Circuit

1  entered an order denying petitioner's request for a certificate of appealability and denying all

2  outstanding motions.  (ECF No. 30).  On April 10, 2012, petitioner filed a motion for relief from

3  judgment in this Court.  (ECF No. 31).  On April 16, 2012, this Court denied petitioner's motion.

4  (ECF No. 32).

5  　　　Petitioner has filed another motion for reconsideration, citing Rule 60(b)(6) of the Federal

6  Rules of Civil Procedure.  (ECF No. 33).  Under Fed. R. Civ. P. 60(b) the court may relieve a party

7  from a final judgment or order for the following reasons:

8  　　　　　(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
　　　　　discovered evidence that, with reasonable diligence, could not have
9  　　　　　been discovered in time to move for a new trial under Rule 59(b); (3)
　　　　　fraud (whether previously called intrinsic or extrinsic),
10  　　　　　misrepresentation, or misconduct by an opposing party; (4) the
　　　　　judgment is void; (5) the judgment has been satisfied, released or
11  　　　　　discharged; it is based on an earlier judgment that has been reversed or
　　　　　vacated; or applying it prospectively is no longer equitable; or (6) any
12  　　　　　other reason that justifies relief.

13  A motion under Rule 60(b) must be made within a "reasonable time."  Fed. R. Civ. P. 60(c)(1).

14  Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final

15  judgment.  Fed. R. Civ. P. 60(c)(1).

16  　　　Motions to reconsider are generally left to the discretion of the district court.  *Herbst v. Cook,*

17  260 F.3d at 1044.  A district court has discretion not to consider claims and issues that were not

18  raised until a motion for reconsideration.  *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992).  It is

19  not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though

20  "dire consequences" might result.  *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08

21  (9th Cir. 1985).  Moreover, motions for reconsideration are not justified on the basis of new evidence

22  which could have been discovered prior to the court's ruling.  *Hagerman v. Yukon Energy Corp.*, 839

23  F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992).

24  Mere disagreement with an order is an insufficient basis for reconsideration.  A motion for

25  reconsideration should not be used to make new arguments or ask the Court to rethink its analysis.

26  *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

2

1    The plain language of Rule 60(b)(6), the Rule's "catch-all provision," provides for relief from

2  a final order for "any justifiable reason."  However, courts have added a requirement that a party

3  seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances."

4  *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005); *Lal v. California*, 610 F.3d 518, 524 (9th Cir.

5  2010); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (petitioner must demonstrate both an

6  injury and circumstances beyond his control prevent him from proceeding with his claim).

7  Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would

8  result if the relief sought is not granted.  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3rd Cir.

9  2008).  Additionally, courts ordinarily will only grant relief if the moving party is not at fault and did

10  not cause the extraordinary circumstances to come into being.  *Id.*; *Gonzalez*, 545 U.S. at 535-36.

11  Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice."  *Lal*,

12  610 F.3d at 524.

13    First, the Court notes that petitioner's motion was not brought within a reasonable time.  The

14  Court's order dismissing this action was filed on February 7, 2011.  (ECF No. 24).  The instant

15  motion for reconsideration was filed on November 6, 2014.  (ECF No. 33).  Although petitioner's

16  Rule 60(b)(6) motion for reconsideration could be denied on the basis of its untimeliness, the Court

17  goes on to analyze the substance of the motion.

18    Petitioner asserts that he is entitled to relief because of the United States Supreme Court's

19  holding in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).  A federal habeas petitioner may overcome

20  the expiration of the AEDPA statute of limitations by making a showing of actual innocence,

21  allowing the court to review the petition on the merits.  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-

22  35 (2013).  When an otherwise time-barred habeas petitioner "presents evidence of innocence so

23  strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied

24  that the trial was free of non-harmless constitutional error," the Court may consider the petition on

25  the merits.  *See Schlup v. Delo*, 513 U.S. 298 (1995).  Under *Schlup*, a petitioner may overcome a

26  procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence

1    [of innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

2    critical physical evidence – that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing

3    "that it is more likely than not that no reasonable juror would have convicted him in light of the new

4    evidence." *Id*. at 327.  The *Schlup* standard permits review only in the "extraordinary" case.  *Id.* at

5    324.  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare."

6    *McQuiggin v. Perkins*, 133 S.Ct. at 1928.  "[A] petitioner does not meet the threshold requirement

7    unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

8    would have voted to find him guilty beyond a reasonable doubt."  *Id.* (citing *Schlup*, 513 U.S. at

9    329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is

10   demanding and seldom met).

11        In this case, when litigating the motion to dismiss, petitioner previously argued for equitable

12   tolling of the statute of limitations.  (ECF No. 22).  However, petitioner did not assert actual

13   innocence as a basis for equitable tolling.  (*Id.*).  Indeed, in his motion for reconsideration, petitioner

14   admits that his actual innocence claim is a new claim.  (ECF No. 33, at p. 41).  The Supreme Court's

15   decision in *Perkins* does not provide a basis for reconsideration because that decision did not

16   overrule prior precedent that would have precluded petitioner's claim.  *See McQuiggin v. Perkins*,

17   133 S.Ct. at 1928.  Even if this Court considers petitioner's belated actual innocence claim, it fails.

18   Petitioner argues that two letters from his ex-wife, Christina Venegas, prove his innocence.  (ECF

19   No. 33, at p. 5).  Petitioner has attached one of the two letters to his motion for reconsideration.

20   (ECF No. 33, at pp. 44-48).  The letter offers nothing to exonerate petitioner.  Even if petitioner's ex-

21   wife had made statements of her belief that petitioner was innocent, her opinion on this subject was

22   previously presented through hearsay testimony at trial.  (ECF No. 33, at p. 11).  Therefore, it is not

23   "new" evidence.  *See Schlup*, 513 U.S. at 324.  Moreover, an "unexplained delay in presenting new

24   evidence bears on the determination whether the petitioner has made the requisite showing" of actual

25   innocence.  *McQuiggin v. Perkins*, 133 S.Ct. at 1935.  Where petitioner claims to have evidence of

26   innocence, but has delayed years in presenting the evidence to this Court, as in this case, the

1   reliability and credibility of such evidence is severely lacking.  Because petitioner has not

2   demonstrated the existence of new reliable evidence of innocence, he cannot pass through the *Schlup*

3   actual innocence gateway to allow this Court to reach the merits of his petition.  Petitioner's motion

4   for reconsideration is denied.

5          Concurrent with his motion for reconsideration, petitioner has filed a renewed motion for the

6   appointment of counsel and a renewed motion to proceed *in forma pauperis*.  (ECF No. 34 & 35).

7   Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding.

8   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.

9   1993).  The decision to appoint counsel is within the Court's discretion.  *Chaney v. Lewis*, 801 F.2d

10  1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228,

11  1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  In the order filed April 26, 2010, this Court found

12  that the petition in this action was sufficiently clear in presenting the issues that petitioner wished to

13  bring and that the issues in this case were not complex.  (ECF No. 5).  This case has concluded and

14  the Court has denied petitioner's most recent motion for reconsideration.  As such, petitioner's

15  renewed motion for the appointment of counsel and renewed motion to proceed *in forma pauperis*

16  are denied.

17         **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 33)

18  is **DENIED.**

19         **IT IS FURTHER ORDERED** that petitioner's renewed motion to proceed *in forma*

20  *pauperis* (ECF No. 34) is **DENIED.**

21         **IT IS FURTHER ORDERED** that petitioner's renewed motion for the appointment of

22  counsel (ECF No. 35) is **DENIED.**

23         **IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed

24  action.

25         Dated this 8th day of September, 2015.

26

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5